v. Underwriters at Lloyd's. Miss Jorgensen. Yes, Your Honors. Good morning. Good morning. Your Honors, on August 30th, 2019, the vessel Serendipity was destroyed as it sat docked in Abaco, Bahamas by a historic hurricane, Hurricane Dorian, which was unprecedented in its unpredictability and its devastation. Subsequently, the third-party claims administrator made two errors in reading the contract, which led to the contract, to the claims denial, and the insured consumer was forced to bring suit to recover on the claim. The district court subsequently made multiple errors in analyzing the claim and issued summary judgment in favor of the insurance company, Lloyd's of London. We ask today that this panel reverse that decision and find in favor of the consumer. Your Honors, the two errors made by the third-party claims administrator, your . . . One of my main concerns about this case is to what extent you preserved an argument that you've made in your brief. That is, this issue about the breach increasing the hazard and whether you had really made the argument to the district court that the owner of the boat would have overridden any recommendation by a licensed captain that the vessel be evacuated. I do think the record at least supports that there's evidence that might be enough to create a genuine issue, but it's not clear to me that you ever said that to the district court. Part of my concern is I hate faulting district courts for arguments that they never had an opportunity to concede, to consider. Your Honor, I'm not sure which point you thought was maybe not preserved, but the briefs did mention that the storm was historically unprecedented. It mentioned all of the public records. The NHC report was cited, which showed that the storm did not hit, was not predicted to go to the Bahamas until 1143 the night before and so forth. I believe all those points were hit, although perhaps not as thoroughly as they might have been, but I do believe they were before the court and they were in the record and were preserved. Well, here's the thing. So, you had the expert opinion. That was commissioned by the insurance company, yes. Right. That the failure to have a full-time captain increase the hazard, right? And the district court credited that, treated that as unrebutted and granted summary judgment based on that, right? That's correct. And your response to that is that the owner was qualified to operate the vessel, right? Yes, and he was permitted to operate the vessel under the policy. And that the policy's hurricane plan didn't require the serendipity to be moved at any particular place in the event of a hurricane, right? That is correct. Um, but what you didn't say is what it, at least from what I could tell in the record, is what you appear to be arguing now. Which is, I'm sorry? Well, that, that, uh, look, I, you know, I would have looked at the, I, Oakley would have looked at this situation, I wouldn't have allowed the vessel to be removed. Right. No matter what a full-time captain said. I, I don't see where you ever brought that argument to the attention of the district court. Um, as an initial matter, I think the district court erred as a matter of law in finding that that phrase was, was unambiguous to begin with. And right there, the inquiry should have ended and summary judgment should have been issued for the insured. Yes, but the problem you have is even if there was ambiguity, regardless of which way you read it, ambiguity, it looked to me like you had a breach. So tell me about whether you preserve this issue. I think that really is a critical question because like Judge Pryor, it seems to me that if you did, you've created an issue of fact that was material and that would take the case to the jury and would require us to reverse what the, the trial court had done. Okay. The question is, did you fairly raise this in the district court? The issue of the ambiguity? No, the ambiguity was raised. Okay. The point that you began with arguing here, you've talked about. Right. I mean, if I understood the essence of what you're saying is you're saying what is pivotal factually is that this was a hurricane of extraordinary unpredictability. That's correct. Nobody knew where it was going to hit. That's correct. So it didn't matter whether you had one captain or 10 captains lined up on the bow of the in one place or move it to another place, because you just didn't know where it was going to go. I believe this was that. And you presented some hurricane evidence, at least in the form of some newspaper clippings and articles was all that presented to the trial court. I believe that was presented. And tell me where and when it was presented. Okay, I, I believe that was that was presented in the responses to both in the motion for summary judgment and in the responses to the to the other side's motion for summary judgment. And I can find the exact sites for you. What would be helpful to me is what filing what page? What is it that would have put the district court on notice that this was your argument? In all honesty, I haven't memorized the pages and I can I'm happy to subsequently state exactly the page and exactly the sentence, etc. But as an overall matter, I believe that this was stated in the both the motion for summary judgment and the response to the other side's motion for summary judgment. They cited news reports. They cited the fact that Captain, that Mr. Oakley was all but a licensed captain. He simply had not set for the test that the fact that Captains Lightbourn, McIntosh were there on the ground was present in the record. And even in the NHC report, which was attached. I read you those points. I agree with you that you made those points. What you didn't appear to be making to the district court was the point you made in your brief. That's my concern. And I recognize if you read the deposition testimony, you can find this. But the problem for a district judge is the district judge has to be told . . . the district judge should not have to go looking for needles in a haystack. It should not have to read everything to figure out what the party's positions are. It should understand, you know, this is what the argument is. Here's a citation to the record that supports that. And the district court should be able to go and find that and say, oh yeah, that creates a genuine issue. And it's not entirely clear to me that you ever did that for the district court. Okay. I do agree that the trial attorney in question probably should have been more specific in citing to the record. However . . . Or making the argument. I believe he did make the argument regarding the weather. The question is not whether it was made, but where and when it was made. As I look at the record, you raised the argument earlier in the motion for partial summary judgment. I'm looking at docket entry 78 at 14, docket entry 76 at 3. There's no question you told the district judge at some point that this was a really unpredictable hurricane. Right. The problem is that you didn't say it again in response to the district court's order when he said come back and tell me X, Y, and Z. Or at least as I see it. You said it once. You said it to the district court. Then when the district court went to you and said okay, answer this question for me, you said everything but. You talked about breach every which way from Sunday, ambiguity every which way from Monday. But when it came to the hurricane and its unpredictability, the judge had to go back and look at what you had said, if you will, on round one. Is that an accurate description of what happened? That doesn't mean you forfeited it. But I'm just describing what the record shows. I think that is correct, unfortunately, that the trial attorney did that. However, the district court needs to look at all of the issues in the record before they're issuing summary judgment. And the 11th Circuit has held that that is an extreme remedy that should only. So your point is. I'm sorry. Go ahead. So your point is it is true and accurate. We did not raise it in response to the final order from the judge asking us to. But we preserved it well enough for forfeiture purposes because we told the district judge chapter and verse on the motion for partial summary judgment. And here's what we said and where we said it. And we didn't have to repeat it because he heard it at least once. That's your argument. I agree. And it is. Is that enough is the question? I do think that is enough because the district court needs to look at all of the facts and for the court. And the 11th Circuit has held this. And particularly when there is any kind of contention as to the factual issues, the district court is it is incumbent upon the district court to let the matter proceed to trial and let a jury hear hear the arguments and judge credibility. You have some time to take a look at the record as you prepare your rebuttal. What would be helpful to me is specifically, as I understand it, your adversary pointed to the expert opinion. Correct. District court said you had no evidence to rebut that. And you know, when you come back, you can give us your very best record site for where you would have you explained to the district court that you had evidence that rebutted the expert opinion or created a genuine issue of material fact. Without without speculating as to what the trial attorney was attempting to do, I would say that he probably assumed that it already was in the record. He made those arguments so many times that he didn't have to repeat. Show me where you think the best argument had already been made. OK, I will try to do that. I would like to reserve the rest of my time if I may. Absolutely. Um, Miss lead on D.C. Good morning, Your Honor. Good morning. If it please the court, Darlene, lead on D.C. on behalf of underwriters at Lloyd's. With respect to the court's questioning of my colleague, we do not believe that the plaintiff below in response to the court's request regarding summary judgment properly responded with competent record evidence sufficient to rebut the expert opinion of Thomas Dante, whose testimony was accepted after the Dalbert challenge. And the propriety of accepting that testimony is not been raised on appeal. We believe that the record establishes that a full time licensed captain who was solely dedicated to that boat as opposed to capping this. There is testimony right from the vessel owner that even if there had been a full time captain, he would have overridden any recommendation to move the vessel because of the unpredictable nature of this storm, about which there appears to be evidence in the record, too. There is testimony about that and evidence about that, isn't there? He has stated that he believed that he would not have done anything differently than what was done by that created genuine issue of material fact. No, Your Honor, because that is a lay opinion. He is not a licensed captain, was not a licensed vessel owner, though. He would have had the authority, would he not, to have overridden his employee's recommendation. He would have had the authority to override his employee's recommendation, but he didn't have an employee competent to make that recommendation for him to override. By the time we got to trial, he's saying, well, I wouldn't have done anything. It's his argument. As I understand it, his argument is, so what? I didn't have one. Even if I had, I would have overridden it. Here's why. It offers evidence to support why he would have done that. Why isn't that enough? To allow the jury to sort it out. Well, first and foremost, I don't believe that the trial attorney below brought that to the court's attention, although it was buried in the record. I got you on that. I don't believe that it is the burden of the district judge, and I think this court has said, to hunt and peck throughout the entirety of the record when it requests a briefing and a response. Help me with this. When I looked at the initial pleading made in their motion for partial summary judgment, I'm looking at docket entry 78 at 14 and 76 at three. They say the following to the district judge in support of their motion for partial summary judgment, and I quote, any suggestion the NY serendipity should have been moved to Florida between the formation of the hurricane on August 27 and when it hit the Bahamas on August 30th is distorted by hindsight bias as shown in the weather reports, which they storm began forming honor about August 27 to a one nine hurricane Dorian was predicted to hit Cape Canaveral exhibit nine weather reports and exhibit 14 Lloyd's admission. I don't think 14 helps them at all, but I looked at nine. I have it here and it reads hurricane Dorian forecast to hit central Florida as category three storm. It came from a certain meteorologist. It was dated August 28th to a one nine at 1143 p.m. And they attach the kind of stuff that gets attached to these these hurricane reports. Didn't that make exactly the point that she made in her brief on appeal? Wasn't the district court apprised clearly and unambiguously that at least one of the arguments they were making, which was predicated on a weather report that they included as an exhibit nine showed that this was a really unpredictable hurricane. You couldn't know where it was going. And so it really didn't matter who was the captain, even assuming arguendo that you're right, that a full time license captain had not been retained and they were in breach. You can't show that caused the hurricane the hazard. Why isn't that evidence enough to make this a triable issue for a jury? Well, first, your honor, I would point out the fact that that exhibit nine was neither authenticated nor presented by someone with competency to testify as to later hurricane paths and changes in the past. It is merely a news news report in a snippet of time of what was a changing hurricane path. Let me ask you about that. We've got a whole lot of case law that says on summary judgment. That even assuming arguendo that the news article itself was not self-authenticating, a court should and could consider it on summary judgment if what was facially inadmissible could be made admissible in a court of law. So if it was easy to authenticate through a competent witness that which otherwise might be hearsay in a summary judgment motion, a court couldn't just discard it. That's our law, if I have it right. Yes, your honor, I'm well aware of that case. Why was this inadmissible then for purposes of summary judgment? Because I don't believe that that was properly proffered to make it admissible, which I realize is a technicality that the court is free to disregard. Why wasn't it properly? The reason I just raised the question to you is because I agree with you and what my colleague has said that there wasn't a word of this. Let's call it round two when the district judge says, okay, tell me what you got. All she talked about was breach. Didn't say a word about the hurricane's unpredictability. But it seemed to me that the plaintiff did present it pretty clearly to the district judge in the partial summary judgment motion, which was pending at the time the district judge asked for more. And my question to you is, why isn't that enough to beat back a forfeiture claim? I believe that the partial summary judgment motion had been resolved by the magistrate's report and recommendation to deny, which was accepted by the district court in the same opinion where he then issued his rule 56 F requirement as to the issue of hazard. I would also say that by failing to raise that argument in response to the district court's request, they waived that or abandoned that argument and didn't bring it forward. Let me ask you this. Is the weather report enough to rebut the expert's testimony? It seemed to me that what might get the plaintiff over the line was the weather report plus the owner's testimony. And I don't see where the owner's testimony that I would have overridden a captain's recommendation was ever made. That argument of overriding was ever made to the district court as a rebuttal to the expert's report. I don't believe that the weather report merely being attached as an exhibit to the summary judgment, an argument of counsel in the memorandum is sufficient to overcome the unrebutted testimony of an expert witness by another qualified witness regardless of whether you consider that or not. That's why they had an opportunity to make an argument once they knew that Mr. Dante's testimony was being accepted. Let me ask you in that regard. Would it have been enough if you added to the weather report the owner's testimony? I believe you're getting into a question of weighing the evidence and perhaps weighing the credibility of the witnesses. Which sounds like no summary judgment. If that is where you were getting but that's not what we had because we didn't have both pieces there because the owner's testimony was not brought forward to the court. What we had was a failure to address the specific argument that the district court raised and gave them an opportunity to as to whether or not there was an increase of the hazard by failing to have a licensed captain being fully aware of the expert testimony being fully aware they offered no additional evidence to the court. They cited back to no evidence to the court as to increased hazard and we believe that they either waived the argument with respect to the weather by failing to preserve it and make it appropriately to the court and requiring the district court to hunt but help me understand just on this issue of forfeiture why and it's forfeiture we're talking about I think not waiver why would you have to say it again if you told the district court in the course of the summary judgment litigation on one time you gave him let's just assume for the purposes of my question that the weather report ought to have properly been considered on summary judgment and it was presented to the district court and let's just further assume for my question that that was enough without the owner's testimony to create a material issue of fact because it came with a very clear argument which I read to you what I want to know is why would be would it be forfeiture if you said it once and you didn't say it a second time the district judge had it it was in the record was it because you didn't say it in response to the trial judge's order I believe so yes just as the same reason this court has found in the past that raising a point or an argument by one sentence or in a footnote or by passing reference without expanding upon the argument can be considered a forfeiture or abandonment of the argument because it's not been fully presented to the court appropriately with supporting information right for the court to then do its job the reason I ask is because we've got cases and I was just looking at them where you have a motion for summary judgment they lay out an argument and then there are subsequent motions for summary judgment and by the other side and the first side doesn't repeat what it had said in its own motion for summary judgment and district courts have dumped the case saying you didn't properly preserve the issue and we've reversed those and we've said if the body of evidence was in front of the district court the body of the argumentation and the supporting stuff was before the district court then you don't you don't have to raise it again and that isn't technically forfeiture those cases admittedly deal with where you didn't repeat it in response to the other side's motion for summary judgment as opposed to being in response to a district court order but why should that make a difference logically when you think of what forfeiture is really all about the question is did you give the district court the opportunity did he have the materials in front of him and here it seems to me maybe the district court did have it in front of him I believe your honor the record shows that the magistrate in his report and recommendation found that plaintiff's motion for summary judgment was to be denied because it had not addressed the hazard issue either it then allowed on the breacher contract so the report and recommendation which was accepted by the district court had a finding that the issue of hazard had not been adequately addressed in the plaintiff's motion for summary judgment with respect to increasing the hazard or not increasing the hazard therefore I believe that it was incumbent upon the plaintiff when the district court made this pointed issue of I am giving you this opportunity to tell me why the hazard was not increased by your failure to employ a full-time captain for the care and maintenance of this vessel that it was incumbent on the plaintiff to point out to the district court any evidence or argument it had with respect to a increase of the hazard or lack of increase of the hazard within the control of the insured would it have been enough if all they did in response to the judge's order was say make the argument they made and say see also our original pleading and gave them the site would that have been enough if they had incorporated by reference the specific site to they just said see also blah blah blah which was the earliest earlier site would that have been enough if just to preserve it it may not have been enough as an evidential matter to rebut I don't believe so I don't believe it's sufficient to require the court to hunt and peck through records and find arguments I believe it's incumbent on the party to present their case an argument to the court not to have the court do its work for it I got it thank you if there are any other questions I am done Miss Jorgensen you say five minutes you your honors a number of documents I found make reference document 81 plaintiff's notion of notice of cross motion for summary judgment on page 14 it states unfortunately the storm was so severe that it would not have mattered how many lines were used to secure the serendipity because the pilings of the dock itself snapped in half vessel was under the care of Captain McIntosh and had been secured by Mr. Oakley prior to returning to Florida and he suggested that the serendipity should have been moved between the formation of the hurricane on August 27th and when it hit the Bahamas on August 30th is distorted by hindsight bias they that's just so I'm clear that's what I had originally made reference to in the motion the initial motion for partial summary judgment help me with that the response your colleague makes is that's well and true but it was already rejected the the court denied that one your honor again is that is that I just help me with the record with is that right was it denied before we got to the judge on 56 f because it is such an extreme remedy summary judgment requires that the district court review all of the all of the materials no no I understand I'm just just I'm just asking a very simple fact question was that did not well the magistrate could only make an R a report and recommendation made a recommendation I I think the order of the judge was not entirely clear as to whether or not it was denied quite frankly right I was just asking did the district judge deny the motion for partial summary judgment before getting around to the 56 f thing I think that's not entirely clear whether or not he did he did adopt the R&R and then order briefing but his the language of his order I think is not that clear but nonetheless here's my concern all right it's just not enough at least for me I can only speak for me to say the weather was unpredictable right you know there was a captain on the ground the lines weren't you know the lines were tied up whatever what really it it seems to me was the better argument that you've raised to us that I'm concerned you never raised to the district court was what would create a genuine issue for the expert opinions report and it seemed to me what you're pointing what you have pointed to now is a little more than the unpredictability of the weather which to me just by itself doesn't rebut the expert's opinion you can you can try to explain to me why I'm wrong about that just the weather reports alone would do that but what what what appeared to me to get you across the line was the owner's testimony that look I I wouldn't know I would have overridden that recommendation that that seems to me that perhaps that creates a genuine issue of material fact but where was that brought to the attention of the it says based on the information available at the time Mr. Oakley determined the vessel would be safer in the Bahamas no that's that's not the same thing as if I had had a full-time captain who had recommended to me that it be moved I would have overridden it I know he testified to that but but did you ever say that to the district court he you know I I can look in the record to see or it says he's talked to Captain McIntosh who was licensed it says that in the record that he did speak to Captain McIntosh and it also says in the record that he discussed it with the marina where the vessel was normally docked and they advised him to stay put the NHC report itself did not predict it was even going to hit the Bahamas until 11 43 the night before so basically we're asking an insured consumer to my problem is the summary judgment that it appeared to the district court that the expert opinions their experts opinion was unrebutted what creates a genuine issue and and this was not brought to the attention of the district court but I think again the credibility of the expert in the face of the NHC reports which clearly run contrary to the experts opinion should have been tested by a and the NHC report issue and the NHC report uh but I also think Mr. Oakley should have had the unpredictable hurricane right that rebuts an expert's opinion there's record evidence that shows that Mr. Oakley was actively involved in securing the vessel for the hurricane well let me zero in on exactly what the expert from Lloyd's testified to Thomas Dante and the important part of his report was cited in full by the district court and among other things what he said was serendipity being left by its owner in the Bahamas without a full-time licensed captain placed the vessel in a position where there was no dedicated captain to monitor the approach of the hurricane Dorian and make the reasonable decision to return the vessel to Cape Marina once the Bahamas was in the forecast of the hurricane and then he goes on to say where he's asserting as a fact in support of his opinion based on the forecast information obtained by duly sea weather there is no question that a licensed captain assigned to serendipity would have made the decision himself or herself to move the serendipity from the Bahamas uh in advance of the hurricane Dorian's arrival I suppose your answer is the hurricane evidence factually disputes the basic fact that he asserted in support of his opinion it does but not only that there were two licensed captains on the ground with the vessel the entire time during the hurricane including Captain Lightborn who stayed in the pink paradise behind which the vessel was docked and Mr. Oakley testified that at any point if they had thought it was proper to move the vessel they would have done so so there were two licensed captains on the ground okay um do you have anything else the plan does not the policy does not specify what type of captain needs to be on the ground it doesn't even say that a captain needs to be on the ground with the vessel when it's docked it doesn't say that recognizes the fact that a boat is a movable object like a car its purpose is to for enjoyment to travel around the islands during the hurricane season um okay if the if the insurance policy company had wanted to specify these terms it could have easily done so okay um we have your case we'll move on to the next room thank you